NOT FOR PUBLICATION (Doc. Nos. 28, 32)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| SOVANARRA NOP, INDIVIDUALLY AND AS A CLASS REPRESENTATIVE ON BEHALF OF OTHERS SIMILARLY SITUATED | : : : : : : | |
| Plaintiffs, | : : | Civil No. 15-1691 (RBK/AMD) |
| v. | : : | **OPINION** |
| AMERICAN WATER RESOURCES, INC. et al., | : : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter is before the Court on a Renewed Motion for Remand (Doc. No. 28) of Plaintiff Sovanarra Nop, class representative of others similarly situated. Defendants American Water Resources, LLC and New Jersey-American Water Company, Inc. (collectively "Defendants") oppose Plaintiff's motion to remand and request leave to file a sur-reply. (Doc. No. 32). For the reasons expressed below, Plaintiff's Renewed Motion for Remand is **DENIED**. Furthermore, Defendants' Motion to Request Leave to file a Sur-Reply is **DENIED**.

## I.   BACKGROUND

Plaintiffs originally filed this action in Superior Court of New Jersey, Camden County on or about January 13, 2015. *See* Compl. (Doc. No. 1-2). Plaintiff alleges that she purchased a contract from Defendants for protection against unexpected repair costs to her residential property's water and sewage lines. *Id.* ¶¶ 11-14. She contends that she paid monthly fees on the

1

contract but that Defendants have refused to repair her broken sewer line, the damage from which has rendered her property's bathrooms unusable. *Id.* 16-34. Plaintiff raises her claim under multiple New Jersey state laws and alleges a class action on behalf of "all persons who received the contracts in the state of New Jersey from a period six years prior to the filing of the complaint." *Id.* ¶ 94.

On March 6, 2015, Defendants removed this case to this Court on the basis that there is minimal diversity in satisfaction of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2)(A). Specifically, Defendants assert that the class includes "numerous customers" who were domiciled in other states but received the contract on vacation properties, and others who received the contracts at their domiciles in New Jersey but have since established domiciles in other states. Notice of Removal ¶ 8 (Doc. No. 1).

Plaintiff originally argued that the Court should decline jurisdiction over the proposed class action because either of two exceptions to CAFA applies in this instance: (1) the "local controversy" exception, 29 U.S.C. § 1332(d)(2)(A) and (2) the "home state exception," § 1332(d)(4)(B). Defendants contended, however, that Plaintiff had not satisfied her burden of establishing by a preponderance of the evidence that either CAFA exception applied because Plaintiff did not offer any evidence of the citizenship of the proposed class. Def.'s Opp'n Br. at 6-7 (Doc. No. 14). In response, Plaintiff requested that the Court afford her the opportunity to take limited jurisdictional discovery. Pl.'s Mot. to Remand at 16 (Doc. No. 8-1); Pl.'s Reply Br. at 8-10 (Doc. No. 15). The Court granted Plaintiff's request for permission to conduct jurisdictional discovery and denied Defendant's Motion to Dismiss without prejudice. Op. of Nov. 16, 2015 at 8 (Doc. No. 19).

Plaintiff then filed the instant Renewed Motion for Remand. Plaintiff argues that, because 36.7% of Defendants' New Jersey property customer list that had a "service address or current and/or last known mailing address corresponding with a voter name and voter address on a current New Jersey voter registry," at least one-third of the putative class is New Jersey citizens. Pl.'s Remand Br. at 10 (Doc. No. 28-2). Further, Plaintiff points to the fact that 97% of the putative class have a current or last known mailing address in New Jersey as further support for the contention that at least one-third of its members are New Jersey citizens. *Id.* In response, Defendant asserts that this evidence is insufficient to satisfy the home-state exception and this Court should maintain jurisdiction over the case. Defendant has also filed a Motion to Request Leave to file a Sur-Reply. (Doc. No. 32).

## II.     LEGAL STANDARD

Federal courts are of limited jurisdiction and may exercise that jurisdiction only as authorized by the Constitution. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A case must be remanded if, at any time before final judgment, the district court discovers that it lacks jurisdiction to hear the case. *See* 28U.S.C. § 1447(c). As the parties removing the case, Defendants have the burden to prove that federal court jurisdiction is proper at all stages of litigation. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d. 392, 396 (3d Cir. 2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Defendants rely on the jurisdiction conferred under CAFA, which vests original jurisdiction in the federal district courts to hear "class action" lawsuits in which the proposed class has at least 100 members, "the parties are minimally diverse," and "the matter in controversy exceeds the sum or value of $5 million." *Standard Fire Ins. Co. v. Knowles*, 133. S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). CAFA contains two

"exceptions"—the "local controversy" exception and the "home state" exception—each of which requires district courts to decline jurisdiction in favor of the appropriate state court. *See Ellithy v. Healthcare Training Institute, Inc.*, No. 2:12-CV-06209, 2013 WL 3480206, at *3 (D.N.J. June 21, 2013). "The party seeking to invoke an exception bears the burden of proving by a preponderance of the evidence that the exception applies." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013).

> The local controversy exception requires a district court to decline jurisdiction:
>
> (A)(i) over a class action in which–
>    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>    (II) at least 1 defendant is a defendant–
>       (aa) from whom significant relief is sought by members of the plaintiff class;
>       (bb) whose alleged conduct stems forms a significant basis for the claims asserted by the proposed plaintiff class; and
>       (cc) who is a citizen of the State in which the action was originally filed; and
>    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

> These elements ensure that the exception is invoked when the class is primarily local, the lawsuit is against at least one real in-state defendant whose alleged conduct is central to the class claims and from whom the class seeks significant relief, the injuries the defendant allegedly caused occurred within the forum, and no other similar class actions have been filed against any of the defendants.

*Vodenichar*, 33 F.3d at 507 (citation omitted).

The home-state exception requires a district court to decline jurisdiction where "two-thirds or more of the members of the proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Alternatively, a district court may exercise its discretion and remand a class

action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed." § 1332(d)(3). To exercise discretion, the court must also consider six factors aimed at determining whether the proposed class action involves matters of interstate interest.[1] *See id.*

At issue here is whether greater than two-thirds of the putative class are citizens of New Jersey. Further, if at least one-third of the putative class are citizens of New Jersey, the issue becomes whether the Court should exercise its discretion to decline jurisdiction and remand back to the State.

### III. DISCUSSION

Plaintiff argues that, because Defendant's interrogatory answers revealed that 36.7% of its New Jersey property customer list that had a "service address or current and/or last known mailing address corresponding with a voter name and voter address on a current New Jersey voter registry," at least one-third of the putative class is New Jersey citizens. Pl.'s Remand Br. at 10 (Doc. No. 28.) Plaintiff also argues that their position is strengthened because only 2.3% of the Defendant's customers have a current or last known mailing address outside of New Jersey. *Id.* at 10. Although this evidence does establish that there are members of the putative class that have residences in New Jersey, it does little to confirm the customers are citizens of New Jersey.

---

[1] These factors include:
(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; and (E) whether the number of citizens of the State in which the action was originally filled in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.
§ 1332(d)(3)(A)-(F).

The Plaintiff's Renewed Motion for Remand cannot be granted without more definitive evidence that would keep the Court from having to infer or guess the state citizenship of individuals in the putative class.

The Third Circuit has not defined an individual's state citizenship for CAFA purposes, but other Circuits and District Courts can provide some guidance. *See Myrick v. WellPoint, Inc.*, 764 F.3d 362 (7th Cir. 2014); *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010); *Dicuio v. Brother Intern. Corp.*, No. 11-1447, 2011 WL 5557528 (D.N.J. Nov. 15, 2011). It takes more than proof of residency to infer citizenship of that particular state because "residency does not equate with domicile or citizenship." *Dicuio*, 2011 WL 5557528, at *4 (citing *Schwartz v. Comcast Corp.*, No. 05-2340, 2006 WL 487915, at *5-6) (E.D. Pa. Feb. 28, 2006). This evidence must also evidence the putative class's citizenship *at the time the suit was filed* (barring some exceptions that are inapplicable here). *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152-53 (3d Cir. 2009). Further, Plaintiff "bears the burden of supplying evidence that two-thirds of the putative class members are New Jersey citizens in order for remand to be mandatory." *Dicuio*, 2011 WL 5557528, at *5.

The Third Circuit has stated that "[c]itizenship is synonymous with domicile." *See McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). The Third Circuit further held in *Krasnov* that an individual's domicile is proven with residency "coupled with a finding of intent to remain indefinitely." *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). Both elements must be satisfied in order to prove an individual's domicile, which, in turn, demonstrates the individual's state citizenship.

Plaintiff's reliance on voter registration as an accurate indicator of citizenship has some merit. Plaintiff cites to both the New Jersey State Constitution and the New Jersey Voter

Registration Act ("Act") in support of their evidence.[2] Although there is no language in either the State Constitution or the Act requiring registered voters to be citizens of the state in which they vote, courts have generally accepted voter registration as indicative of an intent to remain in that state. *See Krasnov*, 465 F.2d at 1300. In *Krasnov*, the Third Circuit considered voter registration when determining a defendant's domicile for diversity purposes. *Id. at* 1301-02. Although the defendant was registered to vote in Connecticut, the court found that he was domiciled in Pennsylvania. *Id.* at 1303. The court held that "[a]lthough [voter registration] is an important indication of intention, it is not necessarily controlling, and was only one of several indicia properly considered by the court." *Id. See also Schwartz v. Comcast Corp.*, No. 05-2340, 2006 WL 487915, at *5 (D.N.J. Feb. 28, 2006) (stating that "in addition to one's residence, courts frequently consider a number of nonconclusive factors" [3] in determining a person's domicile).

Plaintiff presents voter registration data from the putative class. Plaintiff claims that 36.7% of the putative class has a mailing or service address that corresponds with a voter name and address in a current New Jersey voter registry. Pl.'s Remand Br. at 10. However, this data is from 2016, rather than 2015 when the case was filed. Compl. at 37. This runs contrary to the well

---

[2] New Jersey Constitution, Article II, Section I, paragraph 3 states: "*Every citizen of the United States*, of the age of 18 years, who shall have been a resident of this State and of the county in which he claims his vote 30 days, next before the election, shall be entitled to vote for all officers that now are or hereafter may be elective by the people, and upon all questions which may be submitted to a vote of the people." (emphasis added).

New Jersey Voter Registration Act, N.J.S.A. section 19:31-5 states: "Each person, who is at least 17 years of age at the time he or she applies for registration, who resides in the district in which he or she expects to vote, who will be of the age of 18 years or more on or before the first election in which he or she expects to vote, *who is a citizen of the United States*, and who, if he or she continues to reside in the district until that election, will at the time have fulfilled all the requirements as to length of residence to qualify him or her as a legal voter, shall, unless otherwise disqualified, be entitled to be registered in such district. Each 17-year-old registrant shall be designated in the Statewide voter registration system as temporarily ineligible to vote until the registrants 18th birthday." (emphasis added).

[3] These factors include: (1) voting registration and voting practices; (2) location of personal and real property; (3) location of brokerage and bank accounts; (4) membership in unions, fraternal organizations, churches, clubs, and other organizations; (5) place of employment or business; driver's license and automobile registration; and (6) payment of taxes. *Schwartz*, 2006 WL 487915, at *5.

settled principle that "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) (citing *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). Further, the Seventh Circuit in *Myrick* explained that a plaintiff arguing for remand based on the home-state exception "need[s] to produce some evidence that would allow the court to determine the class members' citizenships on the date the case was removed." *Myrick*, 764 F.3d at 664-65. Data obtained over a year after the initial summons does not accurately reflect circumstances at the time of the filing. It follows that this evidence is either overinclusive or underinclusive for two reasons. First, members of the putative class could have registered to vote between the time the summons was filed in 2015 and when the data was obtained in 2016. Second, members of the putative class could have left New Jersey and become domiciled elsewhere during that same time period.

With the minimum threshold for the Court to use its discretion to remand being one-third (33%) of the putative class, there is a possibility that the number of actual putative class members registered to vote in New Jersey would be below that threshold if the data was obtained from the proper time period. Plaintiff does not present any evidence that this data was accurate in 2015. Therefore, this data is not indicative of the putative class's state citizenship at the time the suit was filed.

Even if the voter registration data was reliable, it still would not be enough to establish the citizenship of the putative class members. Many courts have ruled that individuals are not domiciled in the state in which they are registered to vote, and thus, not citizens of that state. *See Ferrara v. Ibach*, 285 F. Supp. 1017 (D.S.C. 1968); *Chaney v. Wilson-Benner, Inc.*, 165 F. Supp. 64 (M.D. Pa. 1958); *Messick v. Southern Pennsylvania Bus Co.*, 59 F. Supp. 799 (E.D. Pa. 1945).

As this Court noted above, voter registration is only one of several, nonconclusive factors that a court considers in establishing citizenship. Although an important factor, it is not dispositive, and, without more, the fact that 36.7% of the putative class is registered to vote in New Jersey is not enough to establish the putative class members' citizenship.

Plaintiff is left with the fact that 2.3% of the Defendant's customers have a current or last known mailing address outside of New Jersey as evidence that, at the least, one-third of the individuals in the putative class are New Jersey citizens. Pl.'s Remand Br. at 10. While this does reveal more about the likely citizenship of the putative class members, this figure alone is not enough to establish the citizenship of the putative class. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010). The Seventh Circuit in *In re Sprint Nextel Corp.* declined to determine a putative class's state citizenship based on mailing and billing addresses. The court reasoned that, although it seems reasonable to conclude that an individual's mailing address or residence can signify both residency and an intent to stay in that state, such a conclusion would be mere guesswork based on its perception of what seems logical. *See id.* at 674. The court went on to hold that it "agrees with majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *Id. See also Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (citing *District of Columbia v. Murphy*, 314 U.S. 441 (1941)).

Here, without further evidence of an intent to stay, the fact that the putative class members have a New Jersey mailing address is not sufficient to prove state citizenship. As the *In re Sprint Nextel Corp.* Seventh Circuit explained, Plaintiff could have presented evidence in the form of affidavits or survey responses where class members could have indicated their intent to

9

remain in New Jersey. *In re Sprint Nextel Corp.*, 593 F.3d at 675. Plaintiff could have taken a sample size and used this to estimate how many individuals in the proposed class actually intended to stay in New Jersey. The voter registration information would have allowed Plaintiffs to identify the class members and question them further on their intent. However, Plaintiff failed to conduct any investigation or produce any evidence other than the facts produced by the Defendant. As such, Plaintiff has not met their burden of proof to establish that the home-state exception should apply to the instant case.

As a final matter, Plaintiff neither argued nor presented sufficient evidence that the local controversy exception of CAFA applies here. Thus, this Court need not conduct a local controversy analysis.[4]

### IV.   CONCLUSION

Plaintiff's Renewed Motion for Remand is **DENIED**. Defendant's Motion for Sur-Reply is **DENIED**.

Dated: 09/14/2016                                              s/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge

---

[4] Defendants' Motion for Leave to File Sur-Reply is now moot.